IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-549

| | |
|---|---|
| CHRISTIE L. RHONEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| GASTON COUNTY, and JAMES BUIE, in his individual and official capacity, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court upon Defendants' Motions to Dismiss for Failure to State a Claim (Doc. No. 4, Doc. No. 6), and Plaintiff's Motion to Amend (Doc. No. 14). For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Motion to Amend is **DENIED**.

## I. BACKGROUND

Plaintiff Christie L. Rhoney, a female former police officer, brought this action on November 12, 2015, asserting claims against Defendant Gaston County and Defendant James Buie in his individual and official capacities as a sworn officer of the Gaston County Police Department. (Doc. No. 1 at ¶¶ 6-10). Plaintiff claims sex discrimination, intentional infliction of emotional distress/hostile work environment, and disability discrimination in violation of 42 U.S.C. § 1981, the Constitution of the State of North Carolina, and the common law of the state of North Carolina. (*Id.* at ¶¶ 40-51).

The Gaston County Police Department hired Plaintiff as a police officer on April 15, 1992. (*Id.* at ¶ 11). Plaintiff alleges she was subjected to various forms of discrimination throughout her employment. (*Id.* at ¶¶ 18-33). Plaintiff's first alleged instance of discrimination

1

was an "anti-female mentality" displayed by her reporting officer in 2001. (*Id.* at ¶ 18). Plaintiff then alleges that she was transferred to various departments although she was completing work satisfactorily, she was subjected to foul language, and she was accused of being insubordinate by Defendant Buie. (*Id.* at ¶¶ 19-25).

Plaintiff was injured twice during her employment with Defendant Gaston County. (*See* Doc. No. 1). In June 2001, Plaintiff fell down the stairs at work, hitting her head. (*Id.* at ¶ 16). As a result, Plaintiff was diagnosed with a damaged inner ear in 2003. (*Id.*) Plaintiff was injured again in February 2010, when she slipped on ice and hit her head. (*Id.* at ¶ 26). When she returned from medical leave in August 2011, she was not allowed to do many things that males on light duty were allowed to do, such as attending service training, teaching, or returning to regular patrol. (*Id.* at ¶¶ 27-30). After Plaintiff's physician released her for full duty, she was allegedly further denied opportunities, including gun range certification and firearms instruction. (*Id.* at ¶¶ 32-33).

On April 5, 2012, Plaintiff was told that her time sheet contained discrepancies, and she was placed on administrative leave because of an investigation into fraud and medical fraud. (*Id.* at ¶¶ 35-37). Plaintiff was terminated on November 14, 2012. (*Id.* at ¶ 38). Plaintiff appealed the decision but the termination was not rescinded. (*Id.* at ¶ 39).

## II. LEGAL STANDARD

In order to establish a claim under § 1983, Plaintiff must establish that: (1) she has been deprived of a right, privilege, or immunity secured by the Constitution or the laws of the United States; and (2) the conduct complained of was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983.

In order to survive a Rule 12(b)(6) challenge, the Complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one where the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Supreme Court articulated a two-step process to determine if a complaint meets the *Iqbal* plausibility standard. First, the court must identify any allegations that are mere conclusions and thus not entitled to a presumption of truth. *Id.* Second, the court should assume the truth of the remaining well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. In order to show that the pleader is entitled to relief, the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *Id.* Simply put, there should not be a lawful alternative explanation that appears a "more likely" cause of the complained of behavior. *Id.*

## III. DISCUSSION

### A. Defendant Gaston County's Motion to Dismiss

Defendant Gaston County claims that it cannot be liable for § 1983 actions on the basis of *respondeat superior* because precedent holds that municipal liability under § 1983 does not amount to *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a municipality is only subject to § 1983 liability when a municipality's "policy or custom, whether made by its lawmakers or those who may fairly be said to represent official policy, inflicts the [plaintiff's] injury." *Id.* at 694. Therefore, unless a government entity has a policy or custom of discrimination, a court will not attribute an individual's constitutional violations to the government entity. *Id.* While there is no heightened pleading standard for a

3

plaintiff asserting a § 1983 claim against a municipality, the requirements for proof of municipal liability are stringent. *Vincent v. Prince George's County, MD*, 157 F. Supp. 2d 588, 593 (D. Md. 2001) (citing *Jordan v. Jackson*, 15 F. 3d 333, 338 (4th Cir. 1994)).

The Complaint does not allege that Defendant Gaston County has either an official policy or a customary pattern of behavior discriminating against women as required to impose municipal liability under § 1983. (*See* Doc. No. 1). Further, even if Plaintiff had alleged an official policy or custom, Plaintiff does not provide a factual basis to support this allegation. Instead, Plaintiff makes several conclusory statements regarding Defendant's treatment of women. (*Id.*) For example, Plaintiff states that "[o]ther male officers were allowed to teach while they were on light duty but Plaintiff was denied that opportunity." (*Id.* at ¶ 28). This claim simply fails to rise to the level of a custom of sex discrimination. A widespread custom may be attributed to a municipality if "the duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the municipal governing body that the practices have become customary." *Vincent*, 157 F. Supp. 2d at 593 (citing *Spell v. McDaniel*, 824 F. 2d 1380, 1387 (4th Cir. 1987)). Plaintiff's allegations fail to assert how Defendant Gaston County has discriminated against women other than Plaintiff. Plaintiff failed to provide factual, rather than conclusory, allegations to support her contention that Defendant Gaston County had a custom or policy of sex discrimination against women. Therefore, Plaintiff has not met the burden of plausibly alleging a § 1983 claim against municipal Defendant Gaston County.

Even if Plaintiff had alleged sufficient facts to support her sex discrimination claim, the claim is barred by the applicable statute of limitations. Currently, there is not a federal statute of limitations specifically for § 1983 suits, rather the applicable "provision limiting the time in which an action [under § 1983] must be brought, must be borrowed from the analogous state

4

statute of limitations." *Bireline v. Seagondollar*, 567 F.2d 260, 262 (4th Cir. 1977) (quoting *Cox v. Stanton*, 529 F.2d 47, 49 (4th Cir. 1975)). The Supreme Court has held that a state's general or residual statute of limitations for personal injury actions should be used as the governing statute of limitations for § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In North Carolina, N.C.G.S. § 1-52 governs § 1983 claims and provides a three year statute of limitations. *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1160 (4th Cir. 1991), *cert denied*, 504 U.S. 931 (1992); *Gentile v. Town of Kure Beach*, 371 S.E. 2d 302, 305 (N.C. Ct. App. 1988).

Federal law determines when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Precedent holds that the claim begins to accrue when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). For statute of limitations purposes, the proper focus is on the time of the discriminatory act rather than the point at which the consequences of the act became painful. *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (citing *Del. State College v. Ricks*, 449 U.S. 250, 258 (1980)).

In her Complaint, Plaintiff alleges various instances of discrimination beginning in 2001, noting that she experienced difficulties working with a superior officer due to his "anti-female mentality." (Doc. No. 1 at ¶ 18). The final allegation of discrimination set forth in the Complaint occurred on April 3, 2012, when Plaintiff allegedly was not allowed to teach a firearms class. (*Id.* at ¶ 33). Thus, Plaintiff had until April 3, 2015, to file suit, but did not file until November 12, 2015, more than three years after the alleged act. (*Id.*) Plaintiff asserts that her termination on November 14, 2012, was the final act of discrimination and thus her claim is not barred by the statute of limitations. However, the Complaint fails to allege sufficient facts to demonstrate that Plaintiff's termination was based upon her sex. Rather the Complaint notes that Plaintiff was

terminated for alleged time sheet and medical fraud, stating "Plaintiff was terminated for following directives of the Captain regarding how to complete her time sheet." (*Id.* at ¶ 38). Because the Complaint characterizes the last act of alleged discrimination as April 3, 2012, the Complaint was filed outside the applicable statute of limitations and Plaintiff has failed to state a claim for which relief can be granted. (*Id.* at ¶ 33).

It is unclear whether Plaintiff's disability claim is similarly barred by the statute of limitations as Plaintiff failed to specify the basis for which this claim is grounded. In order to establish a claim of right under § 1983, Plaintiff must first establish that she has been deprived of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *See* 42 U.S.C. § 1983. The Complaint does not identify which U.S. law or constitutional right secures Plaintiff's disability claim, instead noting Defendant's acts violated "the State of North Carolina public policy against disability discrimination." (Doc. No. 1 at ¶ 50). Defendant offers N.C.G.S. § 168A, the North Carolina Persons with Disabilities Protection Act, which provides a 180 day statute of limitations. (Doc. No. 5). However, Plaintiff rejects N.C.G.S. § 168A as the governing statute, and instead notes that "[a] plaintiff is not precluded by the ADA from asserting a claim for disability discrimination under the Equal Protection Clause of the Fourteenth Amendment pursuant to [section] 1983." *Yates v. Beck*, 2003 WL 22231260, at *5 (W.D.N.C. 2003). (Doc. No. 21). Plaintiff therefore argues that her disability claim is subject to the same three year statute of limitations for § 1983 claims as her sex discrimination claim, and that the claim also began to accrue at the date of her termination. (*Id.*)

Even with the uncertainty regarding which law or Constitutional right governs Plaintiff's disability claim, the claim must be dismissed pursuant to Rule 12(b)(6) because it is not plausible on its face. The Complaint alleges Plaintiff was terminated after Defendant Buie reviewed and

6

agreed with findings in a time sheet and medical fraud investigation. (Doc. No. 1 at ¶ 38). Notably, Plaintiff alludes to her medical issues throughout the Complaint but makes no factual allegations about any discrimination on the basis of disability. Under the Rule 12(b)(6) analysis, Plaintiff cannot rely on conclusory statements and must allege facts to support her claims. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's disability claim likewise fails.

Finally, Defendant Gaston County moves to dismiss Plaintiff's claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress in North Carolina, a plaintiff must show: (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress of another. *See Thomas v. Northern Telecom, Inc.*, 157 F. Supp. 2d 627, 634-35 (M.D.N.C. 2000). North Carolina imposes a stringent standard for intentional infliction of emotional distress claims, only permitting liability when the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club*, 340 S.E.2d 116, 123 (N.C. Ct. App. 1986).

Plaintiff's claims fail under this standard. Plaintiff asserts she was subjected to emotional distress because, "[t]he despair of possibly losing [Plaintiff's] means to secure the necessities of life caused Plaintiff severe mental anguish." (Doc. No. 21). Rather than demonstrating outrageous and extreme conduct, Plaintiff's theory allows any plaintiff who is terminated from a job to have a cause of action for intentional infliction of emotional distress against a former employer. Considering that North Carolina courts have been reluctant to grant liability for intentional infliction of emotional distress claims in employment actions, *Frazier v. First Union National Bank*, 747 F. Supp. 1540, 1553 (W.D.N.C. 1990), the behavior asserted in the

Complaint does not rise to the necessary level to pursue a claim of intentional infliction of emotional distress against Defendant Gaston County.

### B. Defendant Buie's Motion to Dismiss

Defendant Buie filed a separate Motion to Dismiss or Motion to Quash pursuant to Federal Rules of Civil Procedure Rules 12(b)(2), (b)(4), and (b)(5), and/or in the alternative Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will first address Defendant Buie's Rule 12(b)(6) Motion to Dismiss.

As a police officer, Defendant Buie is entitled to qualified immunity, an affirmative defense that must be pleaded by a government official. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Qualified immunity provides that "[g]overnment officials performing discretionary functions generally are shielded from liability on civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." *Id.* at 818.

Plaintiff fails to allege facts that overcome Defendant Buie's qualified immunity. In the Claim for Relief, Plaintiff asserts that she was terminated because of her sex. (Doc. No. 1 at ¶ 41). However, Plaintiff's factual allegations attribute her termination to an investigation into possible time sheet and medical fraud. (Doc. No. 1 at ¶ 38). Plaintiff does not provide factual support as to her sex discrimination claim against Defendant Buie beyond conclusory statements that other male officers committed similar offenses but were not terminated. (*Id.*) Defendant Buie's decision to terminate Plaintiff was therefore discretionary and did not violate any of Plaintiff's specific rights. In an attempt to overcome Defendant Buie's immunity, the Complaint asserts broad claims about discrimination over time. However, this is not sufficient to hold Defendant Buie liable under § 1983 because there is no affirmative link or connection between

Defendant Buie's actions and the claimed deprivation of rights over time. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976). The only discriminatory conduct Plaintiff alleges against Defendant Buie specifically is her termination. Therefore, Defendant Buie remains entitled to qualified immunity because his discretionary decision to terminate Plaintiff was reasonable and did not violate any of Plaintiff's specific rights.

Defendant Buie is also entitled to public officer immunity. In North Carolina, "as long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability." *Smith v. State*, 222 S.E.2d 412, 430 (N.C. 1976) (citing *Carpenter v. Atlanta & C.A.L. Ry. Co.*, 114 S.E. 693, 696 (N.C. 1922)). For the purpose of public officer immunity, courts consider a defendant to be acting with malice when (1) he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty, and (2) which he intends to be prejudicial or injurious to another. *In re Grad v. Kaasa*, 321 S.E.2d 888, 890 (N.C. 1984). Defendant Buie's decision to terminate Plaintiff was discretionary, and thus Plaintiff's factual allegations against Defendant Buie do not rise to the level of malice needed to overcome his public officer immunity.

Plaintiff asserts several claims against Defendant Buie that are identical to claims against Defendant Gaston County, and thus are subject to the same analysis. Like Defendant Gaston County, Plaintiff's sex discrimination claims and disability claims against Defendant Buie are barred by the statute of limitations. Further, Plaintiff's intentional infliction of emotional distress claim against Defendant Buie does not rise to the "outrageous and extreme" level required to impose liability.

In sum, Plaintiff's Complaint fails to contain sufficient facts to state a claim against Defendant Buie that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Defendant Buie is entitled to qualified immunity and public officer immunity because Plaintiff failed to allege sufficient facts, rather than mere conclusions, that overcome either immunity. Additionally, like Plaintiff's claims against Defendant Gaston County, Plaintiff's claims of sex and disability discrimination are barred by the statute of limitations, and Plaintiff's intentional infliction of emotional distress claim does not rise to the necessary standard to impose liability.

**C. Plaintiff's Motion to Amend**

Federal Rule of Civil Procedure 15 allows a party to amend the Complaint with written consent of the opposing party or by permission of the Court. Fed. R. Civ. P. 15(a)(2). A motion to amend should "be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rub Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)). However, if an attempt to amend does not alter the posture of the law with respect to the alleged facts, nor alter the outcome of a pending motion to dismiss, the motion to amend should be denied. *See also Alexander v. City of Greensboro*, 762 F. Supp. 2d 764, 780 (M.D.N.C. 2011).

Rather than adding facts to clarify a cognizable § 1983 claim against Defendant Gaston County, Plaintiff seeks to amend the Complaint by adding further conclusory statements that fail to remedy the defects for which Defendants have moved for dismissal. For example, the proposed Amended Complaint adds ¶ 39: "the conduct by the male officers . . . resulted in the customary differential treatment of female officers." (Doc. No. 22). It is not sufficient for Plaintiff to simply state that Defendant Gaston County's conduct was customary, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). These amendments are futile and do not alter the outcome of the Motion to Dismiss. Therefore the Plaintiff's Motion to Amend is denied.

## IV. CONCLUSION

The Court finds that the Complaint fails to allege sufficient facts to "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 570. Accordingly, the Plaintiff's Complaint is dismissed pursuant to Rule 12(b)(6). Plaintiff's proposed amendments are futile, and thus her Motion to Amend is denied.

**IT IS THEREFORE ORDERED** that Defendant Gaston County's Motion to Dismiss (Doc. No. 4) and Defendant James Buie's Motion to Dismiss (Doc. No. 6) are hereby **GRANTED** and Plaintiff's Motion to Amend (Doc. No. 14) is hereby **DENIED**.

Signed: July 14, 2016

Graham C. Mullen
United States District Judge